United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2021
Nathan Ochsner, Clerk

801 Seaco Ave, LLC, §
§
            Plaintiff, §
§
*versus* §      Civil Action H-20-3133
§
Twin Peaks Environmental, LLC, *et al.*, §
§
          Defendants. §

## Opinion on Partial Summary Judgment

1. *Background.*

On September 1, 2018, 801 Seaco Ave, LLC, leased a commercial property to Twin Peaks Environmental, LLC, with Integrated Chassis Solutions, LLC, serving as guarantor. The lease was for 62 months at $12,935 per month.

On April 20, 2020, Twin Peaks sent a notice of termination citing the lease's force majeure clause and the coronavirus pandemic. Twin Peaks then stopped paying rent.

On September 8, 2020, Seaco sued Twin Peaks and Integrated Chassis for breach of contract. Seaco has moved for partial summary judgment. It will prevail.

2. *Lease Provisions.*

Under section 10.8 of the lease, if Twin Peaks did not maintain any insurance as required by the lease, Seaco had "the right (but no obligation) ... to take out and maintain such an insurance policy, and if [Seaco] does so [Twin Peaks] shall pay to [Seaco] on demand the amount of the premium applicable to such policy of insurance plus ten percent."

Under section 24 of the lease, Twin Peaks defaulted under the lease if it "fail[ed] to pay any installment of Base Rent, Additional Rent, or any other payment required herein when due" or if it "abandon[ed] or vacat[ed] the Premises" which "results in the cancellation of insurance or failure to maintain the Premises as required under [the] lease."

Under section 34 of the lease, neither Seaco nor Twin Peaks will "be held responsible for delays in the performance of their respective obligations ... (other than the payment of rent and other monetary obligations)" when caused by a force majeure.

3. *Twin Peaks' Discovery Request.*

Twin Peaks again says that it needs discovery for its affirmative defenses. As the court has previously explained, Twin Peaks continually did not inform the court of its discovery requests. It bears the responsiblity for failing to engage in this case. Twin Peaks also gives no suggestions about what discovery should be done and how it would be beneficial to this case or its defenses. Vague requests for discovery cannot defeat summary judgment. To the extent it could be construed as a motion to continue for discovery under the federal rules, it is denied.

4. *Breach of Contract and Guaranty.*

To succeed on a breach of contract claim, Seaco must show that: (a) a valid lease existed; (b) Seaco performed under it; (c) Twin Peaks and Integrated Chassis did not perform under the lease; and (d) Seaco was damaged by this breach.[1]

To succeed on a breach of guaranty claim, Seaco must show that: (a) the guaranty existed and Seaco owned it; (b) Seaco performed under the contract; (c) the occurrence of the conditions on which liability is based; and (d) Integrated Chassis did not perform the promise it made.[2]

---

[1] *Pathfinder Oil & Gas v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

[2] *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.—Dallas 1994).

It is undisputed that a valid contract exists, Twin Peaks stopped paying rent under the lease, and Seaco was damaged by not getting the rent. Twin Peaks contends that Seaco did not perform its obligations under the lease, and that it did not breach the lease.

Twin Peaks says that Seaco did not give notice that Twin Peaks did not get business interruption insurance as it was obliged to under the lease and did not give a period to cure. At worst, if this would be considered a breach, it is immaterial. Seaco clearly substantially performed under the lease. The material aspects of a commercial lease are paying rent, the length of the lease, and possession of the property. It is undisputed that Twin Peaks took possession of the property for almost two years, so Seaco performed under the lease.[3]

Twin Peaks also insists that the force majeure clause excuses their performance of the lease. The clause expressly does not exclude paying rent. Assuming that the force majeure clause applies, Twin Peaks is still obliged to pay rent. It stopped paying rent, and Integrated Chassis also did not pay as the guarantor. Both Twin Peaks and Integrated Chassis breached their respective contracts.

Twin Peaks also raises multiple affirmative defenses: (a) unconscionability, (b) waiver, (c) laches, and (d) *in pari delicto*.

Twin Peaks gives no facts to suggest that there was any unfairness or unreasonableness in the lease at formation or in practice. These are three sophisticated companies that were fully capable in negotiating and agreeing to the terms of the lease and guaranty. Later regret in agreeing to certain terms does not make the contract unconscionable. Blanket legal conclusions are inadequate as an affirmative defense.

Twin Peaks says that Seaco had an alternative remedy available to cover the rent payments by getting business interruption insurance itself and charging Twin Peaks a ten-percent premium. Twin Peaks argues that Seaco's decision not to do this constituted a waiver, laches, and *in pari delicto*.

---

[3] *Adams v. Chen*, 830 Fed. App'x 727, 729 (5th Cir. 2020).

Twin Peaks again selectively reads the lease – which expressly stated that Seaco was not obliged to get insurance on behalf of Twin Peaks and charge the premiums. The lease also has clear provisions that there is no waiver unless it is express and in writing. Continually making blanket legal conclusions as affirmative defenses are insufficient when it is Twin Peaks's burden to prove that those defenses apply.

Twin Peaks and Integrated Chassis also say that they have been dissolved as a matter of law. The basis for liability arose before this, and dissolving a company is not grounds to escape its liabilities.

Because there were valid contracts, Seaco performed, Twin Peaks and Integrated Chassis breached, and Seaco was damaged, Twin Peaks and Integrated Chassis will be liable for breaching the lease and guaranty.

5. *Conclusion.*

Twin Peaks Envirmonmental, LLC, and Integrated Chassis Solutions, LLC, will be liable to 801 Seaco Ave, LLC, for breach of contract under the lease and guaranty.

Signed on September 29, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge